```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

LINDA DILLON, ET AL                                  CIVIL ACTION

versus                                               NO. 04-1639

WASHINGTON PARISH                                    SECTION: E/5
FIRE DISTRICT NO. 9
```

## ORDER AND REASONS

This matter is before the Court on defendant Washington Parish Fire District No. 9's ("Fire District No. 9") motion for summary judgment. Rec. Doc. # 35. Plaintiffs ("Dillon") oppose the motion. After consideration of the memoranda, the evidence, the pleadings and the law, the motion is denied.

## BACKGROUND

The underlying facts in this case are straightforward and are not contested. Charles Dillon was a volunteer firefighter for Fire District No. 9.[1] He received no wages nor any other remuneration for his service as a volunteer firefighter. He had been appointed Station Captain for the Fire District.[2] On December 3, 2003, Dillon was driving a truck owned and maintained by Fire District No. 9 when he was killed in a single vehicle rollover accident. The accident occurred while Dillon was acting within the course and

---

[1] See generally Petition for Damages, r.d. #1.

[2] Fire District No. 9's Ex. 2, Deposition of Jerry Fortenberry, pp. 13, 17.

scope of his duties as a volunteer firefighter. Dillon's widow and minor children filed suit for damages against Fire District No. 9, alleging that his death was the result of defendant's negligence.

Fire District No. 9 argues that Dillon's exclusive remedy is a claim pursuant to the Louisiana Worker's Compensation statutory scheme[3], specifically La.R.S. 23:1034. The pertinent language is as follows:

> The provisions of this Chapter shall apply to *every person in the service of the state or a political subdivision thereof*, ..., *under any appointment or contract of hire*, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, condition and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory;....

(Emphasis supplied.) Fire District No. 9 produced a copy of an Ordinance dated July 24, 1995, which, pursuant to La.R.S. 40:1491 *et seq.*, established Washington Parish Fire District No. 9 as a political subdivision of the state.[4] In its Statement of Uncontested Facts, Fire District No. 9 states that pursuant to La.R.S. 23:1034, it procured Worker's Compensation insurance for

---

[3] La.R.S. 23:1021 *et seq.*

[4] Fire District No. 9's Exhibit 1.

its firefighters, and that such policy was in effect at the time of Dillon's death.[5]  However, Fire District No. 9 has not produced any evidence that such a policy exists.

Dillon does not dispute that Fire District No. 9 is a political subdivision of the state, but argues that since its enactment in 1914, there is no state or federal case that has held that La.R.S. 23:1034 applies to volunteer firefighters.  Dillon points out that, in contrast to section 1034, La.R.S. 23:1036 expressly authorizes the state fire marshal to:

> obtain workers' compensation for fire companies that are not political subdivisions or that are separate from any political subdivisions to provide coverage for volunteer members who participate in the normal functions of the fire company.

La.R.S. 23:1036C(1).  While this statute expressly authorizes optional worker's compensation coverage for volunteer firefighters who **are not** in service to a political subdivision, it does not address the scope of the "obligatory" worker's compensation coverage specified in section 1034 with regard to volunteer firefighters who **are** in service to a political subdivision of the state.  Dillon argues that this exclusion was deliberate, and was

---

[5] Fire District No. 9's Statement of Uncontested Facts, Nos. 7, 8.

intended to preserve for such volunteer firefighters the right to file tort suits against the fire district.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986). An issue is material if its resolution could affect the outcome of the action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See* Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999). However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996). The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or

"conclusory allegations."  Id.

When the federal court's jurisdiction is based on diversity, as in this case, the substantive law of Louisiana applies. Gen. Elec. Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 950 (5th Cir. 1991).  The sole issue before the Court is a legal one: whether the Louisiana Workers' Compensation Law applies to volunteer firefighters in service of a political subdivision of the state, particularly pursuant to La.R.S. 23:1034.  That specific question was asked and answered by the Louisiana First Circuit Court of Appeal in Genusa v. Pointe Coupee Volunteer Fire District No. 4, 644 So.2d 851 (La. App. 1st Cir. 1994).

Dillon cites the Genusa case in support of its argument.[6]  Mr. Genusa was a volunteer firefighter and Fire Chief of Pointe Coupee Volunteer Fire District No. 4.  Genusa, 644 So.2d at 851.  After he injured his back while attempting to repair a fire truck, he filled out a report and filed a claim for workers' compensation.  Id., at 852.  Ultimately[7], an administrative hearing officer dismissed his

---

[6] Fire District No. 9 cited only Landry v. City of New Iberia, 223 So.2d 992 (La. App. 3d Cir. 1969) in support of its position.  That case merely held that a Captain employed by the New Iberia Municipal Fire Department was not an "official" excluded from, but was an "employee" included within the coverage of La.R.S. 23:1034.  It is inapplicable to this case.

[7] Genusa had received compensation payments for two and a half years, when the payments were terminated.  He sued to reinstate his payments.

claim based upon finding that Genusa received no wages or other remuneration for his services as a volunteer firefighter, and because the workers' compensation act is based on a wage loss theory, he was not entitled to the benefits of the act. Id. Genusa appealed the ruling.

The Louisiana First Circuit first noted that "[t]he issue in [that] case is whether the Louisiana Worker's Compensation Law applies to volunteer firemen." Id., at 851. The court reasoned as follows:

> It is settled law that a prerequisite to any action arising under the Louisiana Worker's Compensation Law is the existence of an employer-employee relationship. Dupre v. Sterling Plate Glass & Paint Co., Inc., 344 So.2d 1060, 1063 (La.App. 1st Cir.), *writ denied*, 347 So.2d 246 (La. 1977); Vaughn v. Baton Rouge General Hospital, 421 So.2d 288, 290 (La.App. 1st Cir. 1982). The essence of the relationship is the right to control. The four primary evidentiary factors considered in deciding the above are: 1) selection and engagement; 2) payment of wages; 3) power of dismissal; and 4) power of control. Alexander v. J.E. Hixson & Sons Funeral Home, 44 So.2d 487, 488 (La.App. 1st Cir. 1950); St. Paul Fire & Marine Ins. Co. v. Richard, 208 so.2d 35, 38-39 (La.App. 3d Cir.)(on reh'g), *writ denied*, 252 La. 171, 210 So.2d 54 (1968). None of these factors are the sole determinant of an employer-employee relationship. However, as a general rule, for such a relationship to exist, there must be a contract of employment, either expressed or

>     implied, whereby services are furnished in
>     anticipation of compensation. Dupre, 344
>     So.2d at 1063; Vaughn, 421 So.2d at 290.

Id., 852. Affirming the administrative hearing officer's decision, the court observed that Genusa did not expect remuneration for his services as a volunteer firefighter, and that the basis for determining benefits under the worker's compensation law is the wages the employee earned prior to the accident. Id., at 853. "Where no wages were earned, there is no basis for calculating benefits." Id.

    The only factual distinction between Genusa and this case that is material to the issue before the Court is that Pointe Coupee Volunteer Fire District No. 4 was not a political subdivision of the state. Genusa was decided in 1994, and in 1996 the Louisiana legislature passed La.R.S. 23:1036, which made optional worker's compensation coverage available to such volunteer firefighters. The Genusa holding has not been reversed, and this Court found no criticism of its analysis in Louisiana jurisprudence. In fact, in 1996, the Louisiana Attorney General cited the case in his Opinion No. 95-15, May 30, 1996, finding that persons remunerated with living allowances under the National Community Services Act of 1990 are employees of the program for purposes of worker's compensation. 1996 WL 454973 (La.A.G.). Moreover, the 2006 Modern Workers

Compensation Database cites <u>Genusa</u> as support for the following statement:

> In some states volunteer firefighters are excluded from coverage by the workers' compensation laws since the existence of an employer-employee relationship is a prerequisite to coverage and such volunteers' services are in the nature of a gratuity.

1 Modern Workers Compensation § 106:27. Firefighters (Thomson/West 2006).

This Court finds that under La.R.S. 23:1034 and Louisiana jurisprudence interpreting that statute, Dillon is not covered by the Louisiana Worker's Compensation Law and is entitled to file a tort suit against the Washington Parish Fire District No. 9. Defendant is not entitled to summary judgment as a matter of law.

Accordingly;

**IT IS ORDERED** that Washington Parish Fire District No. 9's motion for summary judgment is **DENIED.**

New Orleans, Louisiana, this 6th day of September, 2006.

*[signature]*

**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**